[No. 18058. Department Two. November 15, 1923.]

J. H. MEISNER, *Respondent*, v. D. A. WILLIAMS, *Appellant*.[1]

PLEADING (105)—AMENDMENT AT TRIAL—SURPRISE OR PREJUDICE. Error cannot be assigned on the allowance of a trial amendment to the complaint, in the absence of a claim of surprise and a request for a continuance.

SAME (170)—ISSUES—PROOF AND VARIANCE—EVIDENCE—ADMISSIBILITY—CONTRACTS AND AGREEMENTS. In an action on a road contract, in which the complaint alleged extra work done under an oral contract, to which was attached an itemized statement of each day of such extra work, and it appeared that the same was done under three superintendents, it is within the issues to prove an oral agreement to pay for the extra work made by the first superintendent, and that the other superintendents continued to have the extra work done.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered February 5, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

'Reported in 219 Pac. 842.

*Boyle & Boyle,* for appellant.
*John E. Belcher,* for respondent.

MITCHELL, J.—D. A. Williams, having a contract to grade and pave a portion of a highway in Pierce county, sublet the grading to J. H. Meisner, under a written contract. After completing the work under the written contract, for which he was paid, he brought this action to recover for extra work. A trial of the case by a jury resulted in favor of the plaintiff, from which the defendant has appealed.

Certain evidence offered by the respondent to prove a portion of the extra work performed was objected to because not covered by the allegations of the complaint. The admission of that evidence is assigned as error. The record shows, however, that, upon the application of the respondent, a trial amendment of the complaint that would permit the proof was granted by the court without any claim of surprise or a request for continuance on the part of the appellant.

It was alleged that the extra work was done under oral agreement and that the performance of it commenced on June 28, 1920, and continued until August 13, 1920. The evidence showed that the extra work consisting of regrading was made necessary very largely by heavy trucking and the consequent breaking down of the grading, caused by appellant in hauling its material for paving the road, after the grading called for by the written contract had been done by the respondent and accepted by the appellant. It appeared by the evidence on behalf of the respondent that, when the first regrading became necessary and was undertaken by him, he had an understanding with appellant's superintendent as to the amount to be paid for the work; and it further appeared that, during the time the extra work was being done, there were, at different

periods of the time, three superintendents of the appellant, each of whom continued to have him do the necessary regrading and leveling.

Upon it appearing that the work was done under three superintendents, objection was made that the complaint alleged only one oral agreement, and that the proof should be confined accordingly. The contention does violence to the liberality enjoined for the construction of pleadings, as applied to this case; for, attached to the complaint and made a part of it, there is an itemized statement of each and every day such extra work was done, together with the number of men and teams employed each day and the charges therefor. And above all this, there was testimony on behalf of the respondent, not objected to at the time, that, after the extra work was all completed, the appellant promised the respondent that he would pay for the same. Most of the important facts of the case were in dispute, but that was a matter for the jury.

What has been said herein makes it unnecessary to discuss objections to the refusal of the court to give certain instructions requested by the appellant.

After the work was completed, a settlement was had between the parties which it is claimed by the appellant was a settlement in full of all of their dealings. This, however, was denied by the respondent, who testified that the settlement included only the work embraced in the written contract.

The motions for a judgment notwithstanding the verdict and for a new trial were properly denied.

Affirmed.

MAIN, C. J., BRIDGES, FULLERTON, and PEMBERTON, JJ., concur.